**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-4913**

─────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

MELBA NOELY LAZO,

              Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Leonie M. Brinkema, District Judge.  (1:08-cr-00126-LMB-2)

─────────

Submitted:  April 16, 2009          Decided:  April 22, 2009

─────────

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

─────────

Affirmed in part; dismissed in part by unpublished per curiam opinion.

─────────

David J. Kiyonaga, Alexandria, Virginia, for Appellant.   Erik R. Barnett, Assistant United States Attorney, William Bradley Russell, Jr., Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melba Noely Lazo pled guilty to conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and was sentenced to forty-one months' imprisonment. She now appeals. The Government has filed a motion to dismiss the appeal, based on Lazo's waiver of her appellate rights. Lazo opposes the motion.

Lazo signed a plea agreement wherein she waived her right to appeal any sentence within the statutory maximum, including the manner in which the sentence was determined. She now seeks to challenge the district court's denial of an acceptance of responsibility reduction, which lies clearly within the scope of her waiver.[1] Thus, we find the appeal waiver to be valid and enforceable as to the acceptance of responsibility issue,[2] and we therefore grant in part the United States' motion, and dismiss in part the appeal relative to the calculation of Lazo's sentence.

Lazo also contends that her judgment order is in error, claiming it states that she was found to have obstructed justice. We find no error in the order. The Government had

---

[1] Lazo does not challenge the voluntariness of her plea.

[2] See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

2

filed a motion seeking to deny Lazo a three-level reduction for acceptance of responsibility and to increase her offense level by three points for obstruction of justice. The district court declined to give Lazo the acceptance of responsibility reduction, but also declined to further increase her offense level for obstruction of justice. The district court's order restated the style of the Government's motion, granted the motion, and increased Lazo's offense level by three points, its only exception taken to the factual findings of the presentence investigation report, which had given her the benefit of a three point reduction for acceptance of responsibility. While the written order of judgment does not specifically reflect the district court's oral pronouncement declining the Government's invitation to increase Lazo's sentence for obstruction of justice, the sentence reflected on the judgment order reflects the same orally-pronounced sentence of an increase in Lazo's offense level of only three points. Hence, we find no error in the judgment order or any contradiction between the oral pronouncement and the criminal judgment order, such that remand is necessary.

Accordingly, we dismiss in part on the Government's motion, except for Lazo's claim as to whether the judgment order is correct, which claim is not encompassed by her appellate waiver but which is, in any event, without merit. We dispense

3

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

4